### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### DELTA DIVISION

**JAMEL EWING GREENE**  **PETITIONER**
*ADC #17632-035*

V.                        CASE NO. 2:23-CV-00033-LPR-JTK

**DOE; ACPB**  **RESPONDENTS**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following Recommended Disposition has been sent to United States District Judge Lee Rudofsky. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.

An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact. And, if no objections are filed, Judge Rudofsky can adopt this Recommendation without independently reviewing the record.

### I.   Introduction

On February 10, 2023, Jamel Greene—an inmate in the Federal Correctional Institution Low Unit in Forrest City, Arkansas—filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, (Doc. No. 1) and it is currently pending before Judge Lee Rudofsky and the undersigned.

On October 11, 2022, Mr. Greene filed his first federal petition for writ of habeas corpus in this Court. *See Greene v. Yates*, Case No. 2:22-cv-00186-BSM-PSH (E.D. Ark.). That case remains pending before Judge Brian Miller and Magistrate Judge Patricia Harris for substantive review.

For the reasons stated below, the Court recommends that Mr. Greene's petition be dismissed without prejudice.

**II.    Background**

Mr. Greene is a former member of the United States Army. In 2012, a panel of officer and enlisted members sitting as a general court-martial convicted him of several sex-related offenses: carnal knowledge with a child who had attained the age of 12 but was under the age of 16 in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920 (2000 & Supp. V); aggravated sexual assault of a child, aggravated sexual assault by causing bodily harm, and wrongful sexual contact in violation of Article 120, UCMJ, 10 U.S.C. § 920 (2006 & Supp. I); sodomy with a child under the age of 12, and forcible sodomy with a child who had attained the age of 12 but was under the age of 16 in violation of Article 125, UCMJ, 10 U.S.C. § 925 (2000). *See United States v. Greene*, No. ARMY 20120805, 2014 CCA LEXIS 838, at *1–2 (A. Ct. Crim. App. Oct. 28, 2014). He was sentenced to 35 years' imprisonment. *Id.* He was also dishonorably discharged, required to forfeit all pay and allowances, and reduced to the grade of E-1. *Id.* The appellate court set aside and dismissed the offense of aggravated sexual assault by causing bodily harm and affirmed Mr. Greene's sentence for the remaining convictions. *Id.* at 12–13.

In both his petitions, Mr. Greene is challenging the validity of his conviction. He alleges that he has been convicted illegally and held captive in violation of his civil and constitutional rights.

### III. Discussion

The Court lacks jurisdiction to hear the petition in this case because Mr. Greene has already challenged his conviction through a currently pending federal habeas petition. *See Greene v. Yates*, Case No. 2:22-cv-00186-BSM-PSH (E.D. Ark.). If Mr. Greene has anything to add, it would be more appropriate to file a motion to supplement in his original habeas case.

### IV. Conclusion

The petition herein is successive. Accordingly, the Court recommends that Mr. Greene's petition for a federal writ of habeas corpus (Doc. No. 1) be denied, and this case be dismissed without prejudice.

DATED THIS 3rd day of March, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE